UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M. ROBÉRT ENTERPRISES, INC. <br> AND ROBÉRT RESOURCES, LLC | CIVIL ACTION |
| VERSUS | No. 06-7405 |
| UNITED FIRE & CASUALTY CO., <br> LAFAYETTE INSURANCE CO., <br> GERALD "JAY" DAUSSIN, PROPERTY <br> LOSS CONSULTING, INC., MICHAEL <br> SHERWOOD, JERRY PROVENCHER, <br> CANDY RAY, JOSEPH BALFOUR, <br> VECO CONSULTING, LLC AND <br> KEVIN VANDERBROOK | SECTION "C" |

## ORDER AND REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, M. Robért Enterprises, Inc. ("Robért Enterprises") and Robért Resources, LLC ("Robért Resources" collectively, "Plaintiffs") (Rec. Doc. 3). Defendant, United Fire & Casualty Co. ("United Fire") has filed an opposition to the motion. The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED**.

## I. BACKGROUND

Plaintiff, Robért Enterprises, is the lessee of the property located at 135 Robert E. Lee Boulevard in New Orleans, Louisiana. At this site, Robért Enterprises operated a supermarket known as Robért Fresh Market. During 2005, Robért Enterprises, together with its affiliate

Robért Resources, had a commercial property insurance policy on the site that was issued by United Fire and or Lafayette Insurance.

On August 29, 2005, Hurricane Katrina made landfall in Louisiana, allegedly causing damage Plaintiffs' insured property.  Specifically, Plaintiffs claim that the property was damaged by the hurricane winds and subsequent looting and vandalism.  After the hurricane, Plaintiffs made a claim to their insurers for the alleged damage that was sustained on the insured property.  Plaintiffs contend that the insurers then employed various insurance adjustors, including Gerald "Jay" Daussin, Property Loss Consulting, Inc., Michael Sherwood, Jerry Provencher, Candy Ray, Joseph Balfour, Veco Consulting, LLC and Kevin Vanderbrook, to evaluate the loss.  According to Plaintiffs, the process of insurance adjustment has been unduly delayed in an effort to elude paying their claims.  As a result, Plaintiffs filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that the insurers are liable for breach of contract, bad faith and conspiracy to refuse and/or delay the payment of insurance proceeds in an arbitrary and capricious manner. See, Rec. Doc. 3.  Plaintiffs also allege that the insurance adjustors are liable for conspiring with the insurers to arbitrarily and capriciously refuse and/or delay the payment of insurance proceeds.  United Fire removed the case to this Court alleging that the Louisiana defendants[1] were fraudulently joined so as to defeat removal.  Plaintiffs disagree and filed this Motion to Remand.

---

[1] Louisiana defendants refers to the insurance adjustors, most of whom are alleged to be domiciled in Louisiana, and to Lafayette Insurance, which is alleged to be domiciled in Louisiana.

**II. ANALYSIS**

### A. DIVERSITY JURISDICTION

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). This means that the removing party must allege the specific facts which demonstrate that there is more than $75,000.00 in controversy by a preponderance of the evidence. *Richards v. Shell Oil Co.*, 1996 WL 39426 (E.D.La.). If the removing party completely fails to make a jurisdictional amount allegation, then this defect cannot be cured. See. *Firemen's Insurance Co. of Newark, New Jersey v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir. 1961), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961).

### 1. AMOUNT IN CONTROVERSY

Here, in its Notice of Removal, United Fire alleges that this Court has diversity jurisdiction over this case. United Fire alleges that there is diversity of citizenship by claiming that all of the Louisiana defendants were fraudulently joined. However, there is no mention of the amount in controversy in the Notice of Removal. This required allegation is completely

missing. As stated above, if the removing party completely fails to make a required allegation, the defect cannot be cured. Thus, remand is proper.

## 2. FRAUDULENT JOINDER

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is

present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In its Notice of Removal, United Fire asserts that all of the Louisiana defendants are improperly joined because Plaintiffs failed to state a claim against them for which relief can be granted. United Fire claims that Plaintiffs do not have a cause of action against Lafayette Insurance because that company did not issue a policy to Plaintiffs.  However, in their state court petition Plaintiffs claim that they had insurance "provided by" Lafayette Insurance.  See, State Court Petition, paragraph IV. United Fire has not presented any evidence which contests Plaintiffs' assertions, other than its own assertions to the contrary.  Therefore, because any ambiguities are strictly construed in favor of remand, the Court finds that Lafayette Insurance was not fraudulently joined.[2]

---

[2] The existence of one non-diverse defendant which is properly joined to the action defeats diversity jurisdiction.  Therefore, it is unnecessary for the Court do consider whether the other Louisiana defendants, the insurance adjustors, were fraudulently joined.

**B. Jurisdicion under the Multiparty, Multiforum Trial Jurisdicion Act (MMTJA)**

United Fire alleges that this Court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").[3] Specifically, United Fire claims that Hurricane Katrina is an "accident" within the terms of the statute. United Fire argues that Plaintiffs' alleged injuries arise out of the hurricane because it never would have made the insurance claims if the hurricane had not occurred.

This Court has not found Hurricane Katrina to be an "accident" under the terms of the MMTJA. In *Flint v. Louisiana Farm Bureau Ins. Co.*, 2006 WL 2375593, *3 (E.D.La. 2006), Judge Duval stated that the Fifth Circuit Court of Appeals never reached the conclusion that Hurricane Katrina met the definition of an accident under § 1369. Furthermore, Judge Duval ruled that the individual levee breaks could be accidents by the terms of the statute, but that the hurricane itself was not. *Id.* Other Judges in this district agree with Judge Duval's reasoning. See also, *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, *6 (E.D.La. 2006) (J. Lemmon); *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St.*

---

[3] The MMTJA provides in relevant part:
(a) **In general.** The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if: (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.
(b) **Limitation of jurisdiction of district courts**. The district court shall abstain from hearing any civil action described in subsection (a) in which: (1) the substantial majority of the plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by state law.

*Paul Travelers Ins. Co. et. al.,* 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier); *Salvaggio v. Safeco Property & Casualty Ins. Co, et. al.*, No. 06-5624 (E.D.La. filed Oct. 25, 2006) (J. Feldman). This Court agrees that Hurricane Katrina was not an "accident" within the terms of § 1369. Therefore, United Fire cannot rely on the MMTJA for federal subject matter jurisdiction.

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 14th day of November, 2006.

                                                 HELEN G. BERRIGAN
                                                 UNITED STATES DISTRICT JUDGE